IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLUMBUS ZOOLOGICAL PARK ASSOCIATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Case No. 2:26-cv-13 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| KEVIN M. FINISTERRE | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendant. | : | |

OPINION AND ORDER

This matter is before this Court on Plaintiff Columbus Zoological Park Association's Motion to Remand. (ECF No. 6). Defendant Kevin M. Finisterre responded in opposition (ECF No. 9) and Plaintiff replied (ECF No. 11). For the reasons set forth below, Plaintiff's Motion to Remand (ECF No. 6) is **GRANTED**. Accordingly, the Motion to Dismiss (ECF No. 5) is **DENIED without prejudice**.

I.      BACKGROUND

On November 25, 2025, Plaintiff filed a complaint in the Franklin County Court of Common Pleas against Defendant. (ECF No. 4). Plaintiff's claims arise from alleged harassment by the Defendant of Plaintiff's employees, board of directors, legal counsel, and business partners. (*Id.*) Plaintiff seeks the following relief against Defendant: (1) damages based on telecommunications harassment; (2) damages based on menacing by stalking; (3) a temporary restraining order, preliminary injunction, and permanent injunction prohibiting contact from the Defendant; and (4) punitive damages. (ECF No. 4 at PageID 173, 191, 192, 193).

Defendant was served with the Franklin County complaint on December 3, 2025. (ECF No. 6 at PageID 269). The Franklin County Court of Common Pleas issued Plaintiff's temporary

restraining order on November 26, 2025. (*Id.* at PageID 264). The court extended the temporary restraining order on December 10, 2025, pending the final decision on the preliminary injunction. (*Id.* at PageID 266). On January 5, 2026, Defendant filed a Notice of Removal on the basis of embedded federal question jurisdiction. (ECF No. 1). On January 12, 2026, Defendant filed a motion to dismiss for failure to state a claim (ECF No. 5), and Plaintiff followed on January 13, 2026, with the instant Motion. (ECF No. 6).

## II.     STANDARD OF REVIEW

When determining whether to remand a case, the Court must "determine whether the action was properly removed in the first place." *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 495 (6th Cir. 2016) (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). This case was removed pursuant to 28 U.S.C. § 1441, which provides that defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction includes federal-question jurisdiction and diversity jurisdiction. *Clarke v. Pollan*, No. 24-3548, 2024 WL 4903806, at \*2 (6th Cir. Nov. 27, 2024). The former requires a cause of action arising under federal law. 28 U.S.C. § 1331. The latter requires diverse parties and a claim for over $75,000. 28 U.S.C. § 1332(a)(1).

Under 28 U.S.C. § 1446, removal is generally timely if effected "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Section 1446(b) states, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3). The

thirty-day period runs from the date that a defendant has "solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). The "strict time requirement for removal in civil cases in not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (citations omitted). Further, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

### III.    ANALYSIS

Defendant  removed based on federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1). Plaintiff moves to remand, arguing that: (1) Defendant failed to timely remove the action in accordance with 28 U.S.C. § 1446(b)(1); and (2) Plaintiff's complaint does not present a federal question under 28 U.S.C. § 1331.

### A.  Timeliness

Defendant's Notice of Removal asserts that the removal was timely, without more. (ECF No. 1 at PageID 3). In its Motion to Remand, Plaintiff's argue that Defendant was served the summons and complaint on December 3, 2025, and therefore, any notice of removal must have been filed by January 2, 2026, to comply with the 30-day requirement. (ECF No. 6). On this basis, Defendant's notice of removal is untimely, as it was filed three days past the applicable deadline. (ECF No. 1).

Nevertheless, in an attempt to cure his untimeliness, Defendant's response to Plaintiff's motion to remand argues that the temporary restraining order issued by the state court on December 10, 2025 is an "order or other paper" that gives rise to federal question jurisdiction, and therefore,

Defendant's notice of removal was timely, as the clock would have started on December 10, 2025. (ECF No. 9 at PageID 528).

The Court is not persuaded by Defendant's argument. 28 U.S.C. § 1446(b)(3) specifies that when relying on an "order or other paper" as the Defendant does in his response, the filing must be an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." According to Defendant's Notice of Removal, however, he initially argues that "the Verified Complaint prima facie 'arises under federal law' because it presents at least three substantial questions of federal law." (ECF No. 1 at PageID 4). So, it appears that the Defendant was able to ascertain that the case may be removable based on the Plaintiff's state court complaint. Only after Plaintiff's Motion to Remand arguing that Defendant's removal was untimely does he attempt to argue that removability was first ascertained when the temporary restraining order was extended on December 10, 2025. (ECF No. 9 at PageID 528). The inconsistent positions set forth in Defendant's filings is not convincing, so the Court finds Defendant's notice of removal was untimely.

### B.  Subject Matter Jurisdiction

Federal question jurisdiction under 28 U.S.C. § 1331 is only proper "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint states only state law claims for telecommunications harassment under Ohio Rev. Code § 2917.21 and menacing by stalking under Ohio Rev. Code § 2903.211, (ECF No. 4 at PageID 191–93), neither of which implicates a federal question.

To the extent that the Defendant argues that Plaintiff's state law claims fall within "embedded" federal question jurisdiction outlined in *Grable & Sons Metal Prods., Inc. v. Darue*

4

*Eng'g & Mfg.*, his reliance is misplaced. 545 U.S. 308 (2005). In *Grable*, the United States Supreme Court found that federal jurisdiction was warranted because Grable "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law," and the "meaning of [a] federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id.* at 314–15. That is not the case here. There is no federal question in dispute, the United States does not have a strong interest in resolving claims of telecommunications harassment or menacing by stalking under Ohio law, and resolving these state law claims will have no effect on federal law. *See id.*

Finally, insofar as Defendant asserts that "[t]he Verified Complaint necessarily raises disputed issue of First Amendment retaliation under 42 U.S.C. § 1983," (ECF No. 1 at PageID 8), that too is unavailing, as "it is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007). Whether Defendant has a First Amendment challenge to the Plaintiff's state court complaint may be a ground for a counterclaim, but is not for this Court's jurisdiction on removal.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 6) is **GRANTED**. This case is **REMANDED** to the Franklin County Common Pleas Court, and the Clerk of Court is directed to mail a certified copy of this Order to the clerk of the Franklin County Court of Common Pleas. *See* 28 U.S.C. § 1447(c). The Motion to Dismiss (ECF No. 5), is **DENIED as moot without prejudice**.

The Court will maintain continuing jurisdiction over this action for the limited purpose of addressing Plaintiff's request for attorney's fees, pursuant to 28 U.S.C. § 1447(c). (ECF No. 6 at PageID 224). Within 21 days of the date of this Order, Plaintiff shall submit a statement of its

attorney's fees, costs, and expenses associated with this matter's removal to federal court. Once Plaintiff has submitted its statement, Defendant shall have 14 days to respond. After Defendant has responded, Plaintiff shall have 7 days to reply.

**IT IS SO ORDERED.**

DATED: June 17, 2026

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**